## UNITED STATES v. DURHAM.

*(District Court, W. D. South Carolina.   February, 1888.)*

INTERNAL REVENUE — SPECIAL LICENSE — TO RETAIL AT DISTILLERY — SALES COVERED BY.

> If persons dealing in liquor have paid the special retail tax for retailing at the distillery, they may receive and fill orders at their place of business, and send the liquor to persons residing at a distance.   But they cannot make sales in small quantities from barrels to persons along the road, who pay them on receipt of the liquor.

Indictment for carrying on the business of retail liquor dealer, without having paid the special tax.

*C. M. Furman*, Asst. U. S. Atty., for plaintiff.

*A. Blythe*, for defendant.

SIMONTON, J., *(charging the jury.)*   The defendant is indicted for carrying on the business of a retail liquor dealer, and not having paid the special tax.   Some witnesses swear to purchases of whisky from defendant at various times.   You are to decide whether they are credible witnesses.   If you believe them, this will form your verdict.   But the defendant, testifying in his own behalf, gives this account of the matter: He says that he and two other persons were the owners of a licensed distillery, near the North Carolina line, in this state; that they also had paid the special tax for retailing liquor at the distillery; that they received, in due course of business, orders for whisky, and, filling these orders, they sent their wagon, containing whisky in barrels, to different parts of the state, 20, 30, and 50 miles from their distillery; that all the liquor which he delivered had been ordered in this way.   When defendant was arrested he was in charge of a wagon in which were three barrels,—two full of whisky, and one nearly empty.   I am requested to charge you, on this point.   If parties dealing in liquor, who have paid the special tax, receive orders for whisky at their place of business, and fill the orders so that the sale is consummated at their place of business,—so consummated that the property in the liquor passes to the purchaser,—this is no violation of the law, although they may sell and may send the liquor to parties residing at a distance.

If, however, they receive orders from persons at a distance, and in consequence of such orders they send out whisky in barrels, and, going through the country, they draw from the barrels, and deliver in small quantities,—say a pint, quart, or gallon,—to parties who pay them on receipt of the liquor, this is a violation of the law; the property in the whisky in the barrels remains in the sellers until it is delivered to the purchaser.   The sale is consummated upon the delivery of the whisky, and it is not protected by the tax paid for sales at the distillery.